### T. H. BUSTER v. THE STATE.

No. 3002. Decided February 11, 1914.

**Driving Cattle From Accustomed Range—Stock Law—Evidence.**

Where, upon trial of wilfully driving cattle from their accustomed range, the record on appeal showed that no stock law was in force at the time of the trial, and that defendant contended that he did not want his cattle who were Herefords to be served by a Jersey bull owned by prosecuting witness, he had no right to drive said bull off and put him in a pasture to protect his cattle, without consent of prosecuting witness, and there was no error in excluding testimony to show the difference in value of calves from Hereford cows from a Hereford sire and the same class of cows from a Jersey sire.

Appeal from the County Court of Floyd. Tried below before the Hon. Arthur B. Duncan.

Appeal from a conviction of wilfully driving cattle from their accustomed range; penalty, a fine of $10.

The opinion states the case.

*T. F. Houghton,* for appellant.—On question of right to protect prop-

erty: Thomas v. State, 14 Texas Crim. App., 200; Owens v. State, 25 id., 552.

C. E. Lane, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of wilfully driving cattle from their accustomed range.

The evidence would show that Mr. Elliott owned some cattle, one of which was a Jersey bull. No stock law being in force, he turned them out on the range. Appellant also owned cattle, which he turned out on the range. His cattle were Herefords, and he objected to Elliott permitting his Jersey bull to run at large, and after driving the bull from off his leased but unfenced land several times, he finally drove him off and put him in a pasture where the Jersey bull was castrated. Appellant does not deny driving the bull off and putting it in a pasture, but says he did so to protect his cattle—to keep the bull from serving his Hereford cows. He offered to prove by several witnesses the difference in value of calves from Hereford cows from a Hereford sire and from a Jersey sire. There was no error in excluding this testimony, as it was not an issue in the case. As the stock law was not in force each man had a right to turn his cattle out on the commons to graze, and if appellant objected to his cattle running with Elliott's cattle, he should have put his cattle in a pasture, and not driven Elliott's cattle off and put them in a pasture. Elliott was using his cattle in a lawful way, and so long as he was doing so, appellant had no right to interfere with them. The issue of protecting his property does not arise under such state of facts. Elliott was not seeking to injure appellant's cattle, nor did he do any legal wrong in turning them out on the commons to pasture. Appellant could have fenced his land, and then if Elliott's male had gotten in his enclosure, he would have had the right to eject him from such enclosure.

All the questions presented hinge around this proposition: that as he wanted his cattle to run at large, and did not want them served by a Jersey male, he claims the right to drive off Elliott's bull and put him in a pasture. He had no such right, and the judgment must be affirmed.

*Affirmed.*